## EX PARTE DEL CARMEN, PETICIONARIA Y APELANTE.

No. 3334.—*Visto:* Junio 13, 1924. *Resuelto:* Julio 9, 1924.

APROBACIÓN JUDICIAL DE PARTICIÓN—BIENES DE MENORES—REPRESENTACIÓN DE MENORES EN LA PARTICIÓN.—En una partición a la cual concurrieron menores representando a un condueño fallecido, se descontó a éstos el importe de un solar que vendieron anteriormente todos los condueños incluso el padre de los menores, bajo el fundamento de que éste recibió para sí el importe del solar. Apelada la resolución que negó la aprobación judicial a la partición, *se resolvió:* que no apareciendo de la escritura de venta del solar que el precio hubiera sido percibido exclusivamente por el causante de los menores, la partición es nula, siéndolo también por el hecho de que los menores estuvieron representados en la partición por uno de los partícipes en la herencia.

RESOLUCIÓN de *M. Rodríguez Serra, J.* (San Juan, Segundo Distrito), denegando aprobación de partición de herencia. *Confirmada.*

*M. F. Rossy,* abogado de la apelante.

El Fiscal José E. Figueras compareció a nombre de los menores.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

Por escritura otorgada ante el notario Manuel F. Rossy el 31 de marzo de 1923, los herederos del finado Norberto del Carmen, procedieron a la partición de cierta finca radicada en Santurce, y la que previamente habían inscrito proindiviso en el registro de la propiedad mediante información de dominio, la mitad a nombre de la viuda Jacinta Caballero y París, en concepto de gananciales, y la otra mitad a favor de sus cuatro hijos procreados en su matrimonio con el causante; nombrados Francisca, Eulalia, Isidra y Jesús del Carmen y Caballero.

De estos herederos había fallecido Jesús y en la escritura de partición comparecen sus hijos naturales, declarados herederos por resolución judicial, nombrados Fabiana, Acacia, Francisco y Pedro del Carmen y de León, estos dos últimos menores de edad y representados por su tutora Francisca del Carmen, quien también hace su comparecencia por su propio derecho, por ser una de los partícipes en la herencia.

En la misma escritura de partición se declara que con anterioridad se habían vendido varios lotes por la viuda y los cuatro hijos a diferentes personas y que aunque en las respectivas escrituras se hace constar que el precio lo percibieron todos los herederos, es lo cierto que el del solar vendido a Mercedes Oller, lo percibió íntegro el heredero Jesús, padre de los menores antes nombrados, por lo que en la partición se les descuenta la porción de terreno que fué objeto de dicha venta.

Con la petición se acompañaba la escritura de partición y otros documentos y al final de la misma aparece el dictamen del fiscal Rafael Arrillaga dando simplemente su conformidad en lo que concierne a los menores, para que se

aprobara la escritura de partición, por quedar garantizados sus derechos.

Posteriormente los peticionarios presentaron una moción ofreciendo prueba testifical en adición a la escritura sobre división de bienes, en la parte que se refiere a los menores, y un plano hecho por un ingeniero para que se viera con exactitud la división que se ha verificado del terreno.

La prueba fué practicada y el expediente pasó al fiscal Domingo Massari, quien emitió su dictamen, como sigue:

"En este caso se interesa que la corte apruebe unas operaciones particionales. Los bienes consisten en una finca poseída en común proindiviso por cuatro condueños, uno de los cuales falleció dejando cuatro hijos siendo dos menores de edad. Un tiempo antes del fallecimiento del causante de dichos menores, se vendió una parte de dicha finca, compareciendo en la escritura de venta los cuatro condueños, uno de ellos, el padre de estos menores.

"En la escritura particional, ahora se descuenta a los hijos del difunto el total de la parte vendida, alegando, que el difunto recibió el importe de la misma, circunstancia ésta que no aparece de la escritura de venta. Hecha la venta en esa forma, y puesto que es preciso atenerse a dicha escritura, claro está que la venta de aquella parte afecta a la masa común, por lo que no debe descontársele solamente a los herederos del fallecido, debiendo procederse a dividir la finca en cuatro partes iguales, tomando por base sus actuales dimensiones, o lo que es lo mismo, asignar de la cuarta parte de ella, una cuarta parte a cada uno de los dos menores, en forma equitativa, de manera que no sufran éstos perjuicio alguno.

"Por tanto, como la escritura de partición no entraña una división justa y equitativa, de acuerdo con la ley, el fiscal recomienda a la corte no le imparta su aprobación."

Este último dictamen sirvió de fundamento a la corte inferior para negar la división propuesta, y por nuestra parte hemos llegado a la misma conclusión con vista de las razones que tuvo el fiscal Massari para oponerse a la aprobación de la escritura de división, debiendo añadir que estando interesada la tutora de los menores en la partición de la finca, su representación al mismo tiempo a nombre de los menores hace nula e ineficaz la partición.

Por lo expuesto, la resolución de la corte inferior *debe confirmarse.*

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.